# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH M. GAMBINO, as Independent Administrator of the Estate of Joseph J. Gambino, deceased, | ) ) ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | Case No. 11 C 7379 |
| v. | ) | |
| | ) | Adversary No. 10 A 129 |
| DENNIS D. KOONCE, | ) | Bankr. Case No. 09 B 39244 |
| | ) | |
| Defendant/Appellant. | ) | |

## OPINION AND ORDER

This appeal arises from an adversary proceeding in which plaintiff/appellee Joseph M. Gambino, the independent administrator of the estate of Joseph J. Gambino,[1] sought to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2)(A) and (a)(6) that defendant/appellant Dennis D. Koonce, the debtor, owed Gambino pursuant to a state court judgment.[2] Koonce appeals two bankruptcy court decisions: (1) the July 31, 2011 order granting Gambino's motion *in limine* to prevent Koonce from introducing testimony disputing the issues and findings of fact in the state court case regarding the award of punitive damages against him, and (2) the August 25, 2011 order granting Gambino's motion for judgment on the pleadings and finding the debt nondischargeable.

---

[1] Joseph M. Gambino and Joseph J. Gambino will be referred to interchangeably as Gambino.

[2] All references to section numbers herein refer to the Bankruptcy Code, Title 11, United States Code, unless otherwise indicated.

The bankruptcy court's subject matter jurisdiction is received from the district court,[3] whose jurisdiction is conferred by 28 U.S.C. § 1334(a). This court's jurisdiction rests in 28 U.S.C. § 158(a)(1), which governs appeals from "final judgments, orders, and decrees" of the bankruptcy court. For the following reasons, the bankruptcy court's decisions are affirmed.

## STANDARD OF REVIEW

On appeal, the district court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Monarch Air Serv., Inc.* v. *Solow* (*In re Midway Airlines, Inc.*), 383 F.3d 663, 668 (7th Cir. 2004). Where the order being reviewed is one granting a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court accepts as true the well-pleaded allegations in the complaint, draws all reasonable inferences in the plaintiff's favor, and reviews the order *de novo*. *Ungaretti & Harris LLP* v. *Steinberg*, Nos. 07 C 1292, 07 C 1293, 2008 WL 681023, at *5 (N.D. Ill. Mar. 5, 2008). The application of collateral estoppel to the state court judgment is a legal conclusion reviewed *de novo*, while the grant of a motion *in limine* is reviewed for abuse of discretion. *In re Leventhal*, 481 B.R. 409, 420 (N.D. Ill. 2012).

## BACKGROUND

### I.     State Court Proceedings

Gambino and a land trustee filed suit in state court seeking to quiet title to three parcels of real estate and recover damages for slander of title against several individuals, including Koonce, and companies, including ones controlled by Koonce. Gambino alleged that the defendants used

---

[3] The case was originally referred to the bankruptcy court under 28 U.S.C. § 157. The adversary proceeding is proper under Federal Rule of Bankruptcy Procedure 7001(6). It is a core proceeding in which the bankruptcy court had authority to enter the orders under review. *See* 28 U.S.C. § 157(b)(2)(I).

forged deeds and other fraudulent documents to obtain title to the three properties and that, through use of these forged and fraudulent documents, the defendants slandered Gambino's title to the properties and did so with malice. Defendants filed counterclaims also seeking to quiet title to the parcels at issue and for unjust enrichment, fraud, intentional interference with a business relationship, and slander of title.

The case went to trial in fall 2007. On November 30, 2007, the state trial court entered findings of fact and judgment after trial. The trial court found that the deeds conveying title to the three parcels of land were forged by the defendants and that title rested with Gambino. The trial court also found that Koonce and the other defendants had slandered Gambino's title to the properties. As to Koonce, the trial court found as follows:

> This Defendant was involved with Sal Di Benedetto in everything, right from the beginning. As to the Niles property, there was very credible testimony from the opposing counsel on the "Niles #1" transaction that Defendant Koonce represented that he was the attorney for Joseph Gambino on that deal. The opposing counsel testified credibly that Koonce *negotiated* that deal with him, ostensibly on behalf of Joseph Gambino. Defendant Koonce is, in fact, an attorney. Although Koonce admitted that he had never met Joseph Gambino, his efforts to deny that he held himself out as Mr. Gambino's attorney on the Niles #1 transaction were not credible. The closing statement shows "attorneys' fees" as being paid to Koonce.

> Defendant Koonce "refinanced" the Lavergne property even though he did not own it. He listed himself as the owner, submitting an application stating that he had owned the property since 1995, a fact that is demonstrably false. He also presented to the "refinancing" lender a fabricated trust agreement bearing the date of 1962(!), showing himself as the owner of the beneficial interest in the land trust holding the Lavergne property. Further, in order to show the lender proof of an income stream from the property, Koonce presented a series of totally fabricated leases. He also took a forged trustee's deed to Lavergne. It was very apparent from the evidence that Mr. Koonce and Sal DiBenedetto had a relationship that brought them into constant contact with each other. Mr. Koonce did not even pretend to be unaware that the "trustee's deed" to him was forged.

> Koonce entered an agreement with WW Funding to take an option to purchase the Kedzie property; he admitted he paid nothing for this option. Koonce also submitted

> an application for an $800,000 loan, on a Boulevard Mortgage Corporation form (a
> company he owned entirely). On this application he listed *all three* of Joseph
> Gambino's properties as real estate that he, Koonce, owned (which was, of course,
> false). There were apparently no limits to what Koonce would do. His ability to
> fabricate was an equal match to that of Sal DiBenedetto. He presented an incoherent
> story, with no reasonable explanation for his acts, except fraud. Malice was indeed
> present in this Defendant.

Trial Court Findings of Fact & Judgment After Trial ("Trial Court Findings") at 11–12. The

court determined that punitive damages were appropriate because "[t]here was fraud and malice

on the part of the defendants here." *Id.* at 18. Judgment was entered for Gambino and against

Koonce (jointly and severally with several other defendants) in the amount of $595,574 in

compensatory damages and $500,000 in punitive damages.

Koonce and other defendants, including the two companies he owned and controlled,

Boulevard Mortgage Corporation and Title America, Inc. (collectively referred to with Koonce by

the Illinois Appellate Court as the "Koonce defendants"), appealed the trial court's judgment.

The Illinois Appellate Court, in a thorough decision, affirmed the trial court's rulings. *See*

*Gambino* v. *Boulevard Mortg. Corp.*, 922 N.E.2d 380, 398 Ill. App. 3d 21, 337 Ill. Dec. 257

(2009). On the quiet title counts, the appellate court rejected the Koonce defendants' argument

that the trial court did not make the required finding of intent to defraud to establish forgery,

stating that "there was ample evidence of the Koonce defendants' intent to defraud by the use of

the forged documents." *Id.* at 412. The appellate court also found that the trial court's finding of

the Koonce defendants' malice to support the slander of title counts was not against the manifest

weight of the evidence. *Id.* at 419–20. The Koonce defendants argued that punitive damages

should not have been awarded because there was "no evidence to support a finding of malice

beyond that necessary for a finding of liability on the tort of slander of title itself." *Id.* at 424.

But the appellate court rejected the argument, as the trial court found that the defendants, including Koonce, exhibited malice "beyond that necessary to establish the elements of plaintiffs' slander of title claims," *id.* at 425, and that "the harm here was the result of intentional malice, trickery, and deceit," *id.* at 426.

## II.     Bankruptcy Court Proceedings

Koonce filed a petition in bankruptcy in October 2009.  Gambino filed a two-count adversary complaint on January 26, 2010, seeking a determination of the dischargeability of Koonce's debt arising from the state court judgment under § 523(a)(2)(A) and (a)(6).  Gambino alleged that Koonce engaged in fraud to divest Gambino of ownership of certain real estate through forgery, misrepresentation, and other fraudulent conduct.  The adversary complaint incorporated the state trial court's findings of fact.  Koonce answered the complaint, claiming that the punitive damages award was dischargeable and the actual damages award was excessive and unreasonable.

Gambino sought summary judgment on the adversary complaint, contending that the state court's findings of fact conclusively established that the debt was nondischargeable under § 523(a)(2)(A) and (a)(6) and that Koonce was collaterally estopped from relitigating those issues.  The bankruptcy court denied summary judgment, and the case was set for trial.  Gambino then filed a motion *in limine* to bar Koonce from introducing evidence or testimony disputing the issues and findings of fact from the state court proceeding.  On July 13, 2011, the bankruptcy court granted Gambino's motion, concluding that the requirements for collateral estoppel were met as the state trial court's decision on punitive damages necessarily included a finding that Koonce acted intentionally and maliciously.  Gambino then filed a motion for judgment on the

pleadings, which the bankruptcy court granted on August 25, 2011.  The bankruptcy court found

that the state court judgment of $594,574 in compensatory damages and $500,000 in punitive

damages is a nondischargeable debt owed by Koonce to Gambino.  This appeal followed.

## ANALYSIS

Subject to exceptions provided in § 523(a), a bankruptcy court will ordinarily discharge a

debtor's debts upon fulfillment of certain conditions.  11 U.S.C. § 727; *In re Berman*, 629 F.3d

761, 765 (7th Cir. 2011).  The § 523(a) exceptions are construed "narrowly, in favor of the debtor,

bearing in mind the goal of bankruptcy law to give the debtor a fresh start."  *Id.*  An exception

must be proven by a preponderance of the evidence.  *Id.*

Here, the bankruptcy court found that the debt Koonce owed arising from the state court

judgment constituted a nondischargeable debt.  Although the order did not specify which

exception applied, Gambino claimed it should be excepted under § 523(a)(2)(A) and (a)(6).  To

establish that a debt is not dischargeable under § 523(a)(2)(A), the creditor must show "(1) the

debtor made a false representation or omission, (2) that the debtor (a) knew was false or made

with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which

the creditor justifiably relied."  *Ojeda* v. *Goldberg*, 599 F.3d 712, 717 (7th Cir. 2010).  Section

523(a)(6) provides that a debt is not dischargeable if it is one "for willful and malicious injury by

the debtor to another," *i.e.,* for "acts done with the actual intent to cause injury."  *Kawaauhau* v.

*Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998); *Jendusa-Nicolai* v. *Larsen*,

677 F.3d 320, 324 (7th Cir. 2012) (willful and malicious injury "is one that the injurer inflicted

knowing he had no legal justification and either desiring to inflict the injury or knowing it was

highly likely to result from his act").  "[D]ebts arising from recklessly or negligently inflicted

injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau*, 523 U.S. at 64. The only contested issue under either exception is Koonce's intent.

The bankruptcy court determined that Koonce was barred from contesting the issue of intent by the state court's finding that punitive damages were appropriate because Koonce acted with actual malice.[4] Illinois law determines the extent to which the state court decision should be given preclusive effect. 28 U.S.C. § 1378; *PaineWebber, Inc.* v. *Farnam*, 870 F.2d 1286, 1290 (7th Cir. 1989). Under Illinois law, collateral estoppel requires that "(1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there be a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." *Kalush* v. *Deluxe Corp.*, 171 F.3d 489, 493 (7th Cir. 1999). "Additionally, the party sought to be bound must actually have litigated the issue in the first suit and a decision on the issue must have been necessary to the judgment in the first litigation." *Am. Family Mut. Ins. Co.* v. *Savickas*, 739 N.E.2d 445, 451, 193 Ill. 2d 378, 250 Ill. Dec. 682 (2000).

Koonce first argues that the issue of fraudulent intent was not actually litigated in the state court proceedings because the state trial court sustained an objection by Gambino to a question during Koonce's testimony that his counsel argued was not hearsay because it would show Koonce's state of mind with respect to one of the transactions at issue. Koonce appeals to equity, arguing that it would be unfair and unjust to allow Gambino to benefit where he prevented

---

[4] Koonce also argues that the state court judgment cannot have *res judicata* effect in the dischargeability proceeding. Gambino concedes that *res judicata* does not apply to discharge proceedings. *See Brown* v. *Felsen*, 442 U.S. 127, 138, 99 S. Ct. 2205, 60 L. Ed. 2d 767 (1979). But "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." *Grogan* v. *Garner*, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

litigation of Koonce's fraudulent intent in the state court proceeding. Koonce Br. at 8 (citing *Sarno* v. *Akkeron*, 684 N.E.2d 964, 292 Ill. App. 3d 80, 225 Ill. Dec. 973 (1997) ("Even if the above elements are found to be proven, collateral estoppel will not be applied if unfairness or manifest injustice would result.")).

An issue is considered to have been actually litigated where it was disputed by the parties and decided by the trier of fact. *Taylor* v. *Peoples Gas Light & Coke Co.*, 656 N.E.2d 134, 141, 275 Ill. App. 3d 655, 211 Ill. Dec. 942 (1995). Koonce's argument is essentially that he did not have a full and fair opportunity to dispute the issue of fraudulent intent. But "[t]he 'full and fair opportunity' requirement is satisfied even if only a slight amount of evidence was presented on the disputed matter decided in the first suit." *Id.* Where, however, a party is precluded from introducing any evidence on an issue in the earlier proceeding because that evidence and issue are found irrelevant and immaterial, the party will not be precluded from introducing evidence on the issue in a later proceeding. *See Jones* v. *City of Alton, Ill.*, 757 F.2d 878, 886 (7th Cir. 1985). But unlike in *Jones*, the state trial court here did not exclude all proffered evidence of intent but only restricted one discrete line of questioning based on a hearsay objection.[5] Although Gambino argued that what Koonce did, not why he did it, was the issue, this one instance selected from a two-week trial does not demonstrate that Koonce was denied a full and fair opportunity to dispute his intent. In fact, even the short excerpt from the state trial transcript that Koonce submitted undermines his argument; he was allowed to testify without objection as to why he took certain actions, which goes to intent and state of mind. *See, e.g.*, Ex. 4 to Koonce Br. 947:22–24 ("Q.

---

[5] The propriety of this evidentiary ruling by the state trial court is not before this court. Koonce did not challenge the evidentiary ruling when he appealed to the state appellate court.

Why did you list them on the application? A. Because I was advised . . . .").  The trial court's

exclusion of one piece of potentially relevant evidence does not warrant a do-over in the

bankruptcy court, particularly where the trial court carefully considered Koonce's explanation for

the events at issue and specifically found it to be "incoherent," leaving fraud as the only

"reasonable explanation for his acts."  Trial Court Findings at 12.  Thus, the court agrees with the

bankruptcy court that the issue of intent was actually litigated in the state court proceedings.  *See*

*Continental Can Co., U.S.A.* v. *Marshall*, 603 F.2d 590, 596 (7th Cir. 1979) ("The requirement of

collateral estoppel that the issue be actually litigated does not require that the issue be thoroughly

litigated.  Collateral estoppel may apply no matter how slight was the evidence on which a

determination was made, in the first suit, of the issue to be collaterally estopped.  This

requirement is generally satisfied if the parties to the original action disputed the issue and the

trier of fact resolved it." (citations omitted) (internal quotation marks omitted)).

 This does not end the inquiry, however, for the issue of intent must have been necessary to

the state court judgments as well.  *Savickas*, 739 N.E.2d at 451.  Slander of title requires only a

showing of malice, which could include recklessness.  *See Chi. Title & Trust Co.* v. *Levine*,

789 N.E.2d 769, 772, 333 Ill. App. 3d 420, 273 Ill. Dec. 595 (2002) (malice can be proved by

showing "that the defendant knew that the disparaging statements were false or that the

statements were made with reckless disregard of their truth or falsity").  Illinois law also allows

punitive damages to be awarded for gross negligence.  *See Slovinski* v. *Elliot*, 927 N.E.2d 1221,

1225, 237 Ill. 2d 51, 340 Ill. Dec. 210 (2010) ("Punitive damages may be awarded . . . when the

tort is 'committed with fraud, actual malice, deliberate violence or oppression, or when the

defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the

rights of others.'" (quoting *Kelsay* v. *Motorola, Inc.*, 74 Ill. 2d 172, 186, 23 Ill. Dec. 559, 384 N.E.2d 353 (1978))). But the trial court here did not rely only on a finding of recklessness or gross negligence; in considering whether the malice element was met, the trial court made a specific finding of fraud. Trial Court Findings at 12 ("[Koonce] presented an incoherent story, with no reasonable explanation for his acts, except fraud."); *id.* at 18 ("[P]unitive damages are warranted here as well. There was fraud and malice on the part of the defendants here."). The appellate court affirmed, emphasizing that the trial court "found that the harm here was the result of intentional malice, trickery, and deceit." *Gambino*, 922 N.E.2d at 426; *see also id.* at 425 ("The trial court found that the malice exhibited by [the Koonce] defendants was beyond that necessary to establish the elements of plaintiffs' slander of title claims."). These findings of Koonce's intent were not *dicta*; they formed the basis for the court's imposition of punitive damages. They also formed the basis for the court's finding of malice to support the slander of title counts.

A finding of fraudulent intent was also necessary to the quiet title counts. Judgment was entered for Gambino on these counts based on findings of forgery with respect to the same set of facts that formed the basis for the slander of title and punitive damages judgments. Fraudulent intent is an element of forgery. *In re Estate of Bontkowski*, 785 N.E.2d 126, 131, 337 Ill. App. 3d 72, 271 Ill. Dec. 475 (2003). The Koonce defendants recognized this on appeal, arguing that the trial court failed to make a specific finding of their intent to defraud. But the appellate court rejected this argument, finding that "there was ample evidence of the Koonce defendants' intent to defraud." *Gambino*, 922 N.E.2d at 412. Although the judgments at issue are for slander of title and punitive damages, not forgery, the determination arises from the same facts and thus

further supports the conclusion that collateral estoppel applies here.  *See In re Sarff*, 242 B.R. 620, 628 (6th Cir. B.A.P. 2000) (finding compensatory damage award for breach of duty of loyalty nondischargeable where it arose from same actions as other damages awards for which an explicit finding of willfulness had been made by the state court).  Because the elements of collateral estoppel are met and the factual issues decided by the state court are the same as those necessary to support a finding of nondischargeability, the bankruptcy court properly granted Gambino's motion *in limine* and motion for judgment on the pleadings.

## CONCLUSION AND ORDER

For these reasons, the bankruptcy court's orders are affirmed.  This case is returned to the bankruptcy court for entry of judgment in favor of Gambino.


Dated: July 12, 2013                                    ENTER:


                                                        _____
                                                        JOAN HUMPHREY LEFKOW
                                                        United States District Judge